IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Corion Kentrail Babers,<br>　　　　Petitioner,<br>v.<br>David Shinn, et al.,<br>　　　　Respondents. | No. CV-20-00308-PHX-DLR (JFM)<br>**ORDER** |

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge James F. Metcalf (Doc. 20) regarding Petitioner's Amended Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc.11). The R&R recommends that the Amended Petition be dismissed with prejudice because it was filed after the expiration of the one-year limitations period and Petitioner has not made a convincing showing of actual innocence to avoid the effects of his late filing. Petitioner objected, (Doc. 21), and Respondents responded (Doc. 22). The Court has considered the objection and response and reviewed the Report and Recommendation de novo. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).

Petitioner was convicted at trial of burglary, kidnapping, first-degree murder, theft, and tampering with a witness. On May 11, 2012, he was sentenced to concurrent terms amounting to natural life, with a successive sentence of 3.75 years on the charge of witness tampering. (Doc. 16-1 at 17.) Petitioner appealed his conviction, and after the Arizona Court of Appeals affirmed it (Doc. 16-1 at 3-15) and denied Petitioner's motion for

reconsideration (Doc. 16-1 at 73-74), it issued the final mandate on September 13, 2013 (*Id.*).

On June 27, 2013, Petitioner filed a Petition for Post-Conviction Relief ("PCR"). After appointed counsel filed a notice indicating an inability to find an issue for review, Petitioner filed a *pro per* PCR. On October 23, 2017, the trial court denied the PCR. (Doc. 16-2 at 67-71.) On July 15, 2018, Petitioner filed a Petition with the Arizona Court of Appeals for review of the trial court's denial of his PCR (Doc. 16-2 at 73-92), which the Court of Appeals dismissed as untimely. (Doc. 16-2 94-95.) He then, on October 1, 2018, petitioned the Arizona Supreme Court for review (Doc. 16-2 at 97-118.), which the Arizona Supreme Court summarily denied on February 13, 2019 (Doc. 16-2 at 119 -120). On February 14, 2020, Petitioner filed a motion to amend his PCR with the state trial court. The trial court denied the motion on March 6, 2020 because the matter had been previously dismissed. (Doc. 16-2 at 121.)

**Statute of Limitations.**

A one-year statute of limitations applies "to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d). Four different occurrences could cause the limitations period to begin running, and, in this case, it is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A).

**The petition was filed late.**

The R&R correctly found that although the judgment became final on September 10, 2013,[1] filing the PCR tolled the running of the habeas limitations period. The limitations period was tolled from June 27, 2013 until October 24, 2017, when the PCR Court denied his PCR petition. (Doc. 16-2 at 67-71.) The limitations period expired one year later, on October 23, 2018.

---

[1] Determined by adding the 15 days to seek review of the Court of Appeals August 21, 2013, denial of the motion for reconsideration, plus five days for service by mail.

Petitioner's objection that the R&R failed to give him credit for an additional five days because of the "mailbox rule" is correct but does not help him. The mailbox rule deems a prisoner's habeas petition as filed when the prisoner delivers to prison authorities for mailing to the court. Assuming, as Petitioner contends, that he delivered his petition to prison authorities on February 5, 2020 does not make the petition timely because the one-year statute of limitations expired on October 23, 2018.

Petitioner argues that the statute of limitations should have been tolled while he sought review of the trial court's denial of his Petition for Post-Conviction Relief ("PCR") in the state appellate courts. Not so. The trial court denied Petitioner's PCR on October 23, 2017. The R&R found that Petitioner had not filed a petition for review with the Arizona Court of Appeals within 30 days of the trial court's ruling, as required by Arizona Rule of Criminal Procedure 32.9(c)(1)(a), and therefore the tolling of statute of limitations ended on date of the trial courts' ruling, October 23, 2017, and the statute of limitations began to run the next day.

Petitioner contends that he is entitled to further tolling because the R&R incorrectly found that he had missed the deadline for seeking review of the trial court's ruling. He claims that he delivered his petition for review' of the trial court's ruling to prison authorities to be forwarded to the clerk of the Arizona Court of Appeals between October 23, 2017, and November 23, 2017. But there is no such filing in the court record. Instead, there is a "Petition for Review" filed with the Arizona Court of Appeals on July 16, 2018, signed, and dated by Petitioner "July 10, 2018, months after the November 23, 2017 deadline for seeking review of the trial court's decision on the PCR. (Doc. 16-2 at 73-76.) The R&R correctly determined that the AEDPA one-year statute of limitations began to run on October 23, 2017 and expired on October 23, 2018.

Petitioner next argues that after he filed a timely petition for review of the trial court's denial of his PCR, he did not receive notice pursuant to "Arizona Rule 5.1(b)(1) that his "petition for review" was rejected. (Doc. 21 at 1-2.) He argues that R&R mistakenly found that his habeas petition is procedurally defaulted because of his failure

to seek timely review from the state court of appeals. He claims he was not given the notice of the rejection as required by law. The record does not support Petitioner's argument. The record contains a notice that his petition for review was dismissed as untimely was mailed to Petitioner from clerk of the Arizona Court of Appeals. (Doc. 16-2 at 95). His denial of receipt does not rebut the presumption that the mailed order was received. *See Sharpe v. County of Dauphin*, 2013 WL 1833628, at * 14 (M.D. Pa. Mar. 12, 2003). Petitioner has not presented evidence to rebut the presumption that the court's dismissal order was received.

**Petitioner has not made a convincing showing of actual innocence.**

Petitioner next objects to the R&R's finding that he has not shown "actual innocence." Petitioner suggests that the Court should find the facts to support his actual innocence claim, arguing that the R&R failed to consider "all evidence" about his actual innocence. The burden of an actual innocence claim rests with the Petitioner, not the Court. To establish such a claim, he must present new reliable evidence that shows "'that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013) (quoting *Schlup*, 513 U.S. at 327).

Petitioner's actual innocence claim is based on the testimony of an alibi witness, his cousin, "James Colburn." Mr. Colburn's expected testimony, that he was with Petitioner the night of the crime from 7:30 or 8:00 pm until the next morning (Doc. 11-2 at 56), is presented in the form of an unsworn statement dated April 3, 2020. The R&R found that the affidavit is not trustworthy and that it was not new, reliable evidence that shows more likely than not that no reasonable juror would have convicted him considering this "new evidence."

In reaching the conclusion that the statement is not trustworthy, the R&R considered that it is unsworn and that Coleman lacks credibility. The failure to provide a sworn statement raises questions about its credibility. That it is unsworn is especially puzzling because it is Coleman's second unsworn statement. Petitioner was advised in his state PCR

proceedings that an unsworn statement is not sufficient. "Unsworn statements of a third-party are insufficient to support a request for Rule 32 [PCR] relief." (Doc. 16-2 at 68.)

Regardless of whether the statement is under oath, Petitioner does not meet the burden of showing actual innocence. The actual innocence standard requires more than new evidence possibly raising a question of fact. Petitioner must show "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." The R&R correctly points out that because of the other evidence of guilt presented at trial, not to mention the problems with Coleman's credibility, being Petitioner's cousin and a felon, Petitioner has not met the actual innocence burden. The R&R correctly analyzed the other evidence:

> Although Vahle recanted, the credibility of her statements to police were corroborated by her having given similar information to her aunt. Moreover, her recantation is rendered less credible by the fact that she had absconded to Missouri during the first trial, rather than appearing and offering her recanting testimony, and by her having lied previously in a criminal investigation to protect a boyfriend. Petitioner points to Vahle's justification of being scared. However, in Petitioner her unsworn statement submitted by Petitioner with his PCR Petition, Vahle did not assert she lied because she was scared, but "to help my dad." (Exh. O, PCR Pet. at Exh. 2.) Further, a reasonable juror could reject such explanation, and rely on Vahle's inculpating statements to the police.
>
> Petitioner argues that just before trial, Gall asserted in a deposition that Vahle had not been clear about Petitioner's involvement, and she didn't know whether Vahle got her information from Petitioner or the police. (*See* Exh. O, PCR Pet. at Exh. 5- A reasonable juror could reject Gall's belated assertions and rely upon her initial reports to police.
>
> Moreover, although there was no DNA or fingerprint evidence connecting to the crime scene, there were unpatterned shoe prints consistent with Petitioner's sticker-covered house-shoes. Moreover, given Petitioner's lack of personal involvement in the altercation with the victim, the lack of such physical evidence is not surprising. Further, evidence showed Madden purchasing Petitioner's brand of cigarettes after the assault, and at a time after Petitioner and Coleman assert Petitioner was at Coleman's home. A reasonable inference from such evidence is that Petitioner was still with Pleickhardt and Madden after the assault, not at Coleman's home. (Doc. 20 at 11-12.)

The R&R could not find, and neither can the Court find, it more likely than not that no reasonable juror would have convicted Petitioner even with Coleman's testimony.

**Conclusion.**

The R&R correctly found that Petitioner failed to file his habeas petition within the one-year limitations period. After considering the available statutory tolling of the one-year habeas limitations period the R&R correctly determined that it expired on October 27, 2018, fifteen months before the habeas petition was filed. The R&R correctly determined that Petitioner has not made a convincing showing of actual innocence to avoid the effects of his delay.

**IT IS ORDERED** that Petitioner's Objection to the R&R (Doc. 21) is **OVERRULED**.

**IT IS ORDERED** that the R&R (Doc. 20) is **ACCEPTED**.

**IT IS ORDERED** that Petitioner's Amended Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 11) is **DISMISSED WITH PREJUDICE**.

**IT IS ORDERED** that a Certificate of Appealability is **DENIED** because the Court's decision is on procedural grounds and jurists of reason would not find it debatable whether the Court was correct in its procedural ruling.

The Clerk of the Court shall enter judgment denying and dismissing Petitioner's Amended Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 11) with prejudice and shall terminate this action.

Dated this 19th day of October, 2021.

Douglas L. Rayes
United States District Judge